1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| LARRY BURY, | CASE NO. 1:10-CV-00196-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (DOCS. 1, 7) |
| KEN CLARK, et al., | |
| Defendants. | |

9

10

11

12

13 _____/

14

15                                    **Screening Order**

16 **I.      Background**

17         Plaintiff Larry Bury ("Plaintiff") is a prisoner in the custody of the California Department

18 of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma

19 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by

20 filing his complaint on February 8, 2010.  On October 12, 2010, the Court screened Plaintiff's

21 complaint and found that it stated cognizable claims against Defendants E. Williams and Moto

22 for deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Doc.

23 6.) Plaintiff failed to state any other claims.  Plaintiff was ordered to either file an amended

24 complaint or notify the Court of his willingness to proceed only on the cognizable claims.  On

25 November 4, 2010, Plaintiff notified the Court that he wished to proceed only against Defendants

26 E. Williams and Moto.  (Doc. 7.)  The Court issues the following order.

27         The Court is required to screen complaints brought by prisoners seeking relief against a

28 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

1   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

3   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

4   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

5   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

6   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

7   1915(e)(2)(B)(ii).

8       A complaint must contain "a short and plain statement of the claim showing that the

9   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

12  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

13  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

14  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

15  **II.   Summary Of Complaint**

16      Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("SATF") in

17  Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as

18  Defendants warden Ken Clark, Sergeant E. Williams, correctional officer Moto, and John Does 1

19  through 5.

20      Plaintiff alleges the following.  On November 5, 2008, at 1135 hours, Plaintiff, while in

21  his cell, began having severe chest pains, diminished motor skills, confusion, difficult breathing,

22  and a face drop.  His left eye filled with blood, blinding him in that eye.  At approximately 1145

23  hours, Defendant Moto arrived at Plaintiff's cell for a routine count whereupon Plaintiff and his

24  cellmate informed Defendant Moto of the symptoms he was suffering, including the chest pain,

25  and showed him his left eye.  Defendant Moto left to notify Defendant E. Williams of Plaintiff's

26  symptoms.  Approximately ten minutes later, Defendant Moto returned.  Defendant Moto

27  informed Plaintiff that Defendant Williams said, "No ER" and that Plaintiff "would be seen in

28  the morning."

Plaintiff believes that a friend found Plaintiff in the yard at approximately 900 hours the next day, in a state of confusion.  The friend escorted Plaintiff to medical clinic.  Doctor Ratman examined Plaintiff and found that he had obvious symptoms of a stroke.  Plaintiff was immediately transferred to the Emergency Room at San Joaquin Valley Hospital in Bakersfield.  Plaintiff had been diagnosed with a Transient Ischemic Attack.

Plaintiff contends that he had obvious symptoms of a stroke and that any person with severe chest pains should immediately receive medical help.  Plaintiff contends that all correctional staff are aware of this policy.

Plaintiff contends that the inexcusable delay resulted in Plaintiff suffering permanent damage because he did not receive timely, appropriate diagnosis and treatment.  Plaintiff alleges that Defendant Clark failed to adequately supervise and train staff.  Plaintiff alleges Does 1 through 5 are officials at CDCR and SATF responsible for supervising and promulgating policies and procedures affecting medical care.

Plaintiff requests as relief compensatory and punitive damages, and cost of suit.

**III.    Analysis**

**A.    Eighth Amendment - Medical Care**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

3

1   this standard, the prison official must not only 'be aware of the facts from which the inference

2   could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

3   inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have

4   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

5   matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

6   1188 (9th Cir. 2002)).

7        Here, Plaintiff has sufficiently alleged a cognizable claim against Defendants Williams

8   and Moto for deliberate indifference to a serious medical need in violation of the Eighth

9   Amendment.

10       **B.    Supervisory Liability**

11       Plaintiff names Defendant Clark and Does 1 through 5 as Defendants, because of their

12  role as supervisory officials.  Plaintiff fails to state a claim against any supervisory defendants.

13        The Supreme Court recently emphasized that the term "supervisory liability," loosely

14  and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

15  "Government officials may not be held liable for the unconstitutional conduct of their

16  subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

17  official, regardless of his or her title, is only liable for his or her own misconduct.

18       When the named defendant holds a supervisorial position, the causal link between the

19  defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

20  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

21  1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

22  some facts indicating that the defendant either: personally participated in the alleged deprivation

23  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

24  or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

25  rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

26  646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

27  1989).

28       Here, Plaintiff fails to allege any facts that indicate Defendants Clark or Does 1 through 5

4

1  personally participated in the alleged deprivation, knew of the violations and failed to act to

2  prevent them, or promulgated a constitutionally deficient policy.  Plaintiff contends that a policy

3  did exist which would require immediate medical care for inmates with symptoms similar to

4  Plaintiff's.  Thus, the policy in place was not constitutionally deficient.  Plaintiff does not state a

5  cognizable claim against Defendants Clark or John Does 1 through 5.

6  **IV.    Conclusion And Order**

7         Plaintiff states a cognizable Eighth Amendment claim against Defendants E. Williams

8  and Moto for deliberate indifference to a serious medical need.  Plaintiff fails to state a claim

9  against any other Defendants.  Plaintiff was provided with the opportunity to file an amended

10  complaint to cure the deficiencies identified herein.  Plaintiff opted to proceed only against

11  Defendants E. Williams and Moto.

12         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

13     1.     This action proceed against Defendants E. Williams and Moto for deliberate

14            indifference to a serious medical need in violation of the Eighth Amendment; and

15     2.     Defendants Ken Clark and Does 1 through 5 are dismissed for failure to state a

16            claim upon which relief may be granted.

17    IT IS SO ORDERED.

18  **Dated:    November 5, 2010**            **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28