# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BURY, | CASE NO. 1:10-cv-00196-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (DOC. 24) |
| KEN CLARK, et al., | |
| Defendants. | |

Plaintiff Larry Bury ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed February 8, 2010, against Defendants Williams and Moto for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed January 12, 2012. Doc. 24. On January 18, 2012, Defendants filed their opposition. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff moves to compel the production of documents, namely "Unit 3 E - Facility office log book for November 5, 2008 and November 6, 2008, that recorded plaintiff's medical complaint and unit staff's response to plaintiff's medical complaint." Pl.'s Mot. 2-3, Doc. 24. Defendants responded that the term "office log book" was vague and ambiguous. Defs.' Opp'n 2, Doc. 26. Without waiving objections, Defendants, after conducting a diligent search, could not find specific pages from the unit 3 E-Facility housing unit log. *Id.*

1    A party may be ordered to produce a document in the possession of a non-party entity if
2 that party has a legal right to obtain the document or has control over the entity who is in
3 possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As
4 this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL
5 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

13 Such documents also include documents under the control of the party's attorney. *Meeks v.
14 Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)
15 (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,
16 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his
17 attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.
18 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or
19 component thereof shall be released to any agency or person outside the department, except for
20 private attorneys hired to represent the department, the office of the attorney general, the Board
21 of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").
22 Parties are not required to produce discovery if it would be unduly burdensome. Fed. R. Civ. P.
23 26(b)(2)(C).
24    Defendants do not dispute the relevance of this request, nor that they can obtain such a
25 log if it existed. However, Defendants contend that they cannot find such document. Defs.'
26 Opp'n, Riches Decl. ¶¶ 4-5. Based on the submitted declaration from Defendants' counsel,
27 Defendants will not be compelled to produce further response to Plaintiff's request for
28 production. Defendants cannot be ordered to produce a document that they cannot find. Federal

Rule of Civil Procedure 34 requires the production only of documents that currently exist. Defendants are under a continued obligation to supplement their response to Plaintiff's discovery request.  Fed. R. Civ. P. 26(e).

    Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed January 12, 2012, is denied.

    IT IS SO ORDERED.

    Dated:   **February 28, 2012**          /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE