# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BURY, | CASE NO. 1:10-cv-00196-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER (DOC. 32) |
| v. | |
| KEN CLARK, et al., | Amended Pleadings Deadline: July 6, 2012 |
| Defendants. | |

     Plaintiff Larry Bury ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed February 8, 2010, against Defendants E. Williams and Moto for violation of the Eighth Amendment. All parties are represented by counsel. Pending before the Court is Plaintiff's motion to modify the scheduling order, filed March 7, 2012. On March 27, 2012, Defendants filed their opposition. On April 2, 2012, Plaintiff filed his reply. The matter is submitted without oral argument. L.R. 230(g).

     Plaintiff moves to modify the amended pleading deadline to July 6, 2012. Pl.'s Mem. P. & A. 1:2-2:13.[1] Plaintiff's counsel was appointed on February 28, 2012. Order, Doc. 29. Plaintiff contends that at a minimum, amendment would be in everyone's interest as the pro se

---

[1] Plaintiff also moved for the modification of deadlines for discovery, expert disclosures, and pre-trial dispositive motions. Defendants and Plaintiff filed a stipulation regarding these deadlines. By separate order, the Court approved the stipulation. Thus, Plaintiff's arguments regarding those portions will not be addressed by this order.

1

complaint filed by Plaintiff in this action would be replaced with a pleading that conformed with the Court's screening order.  Pl.'s Mem. P. & A. 1:22 n.2.

Defendants contend that Plaintiff has not shown good cause for modification.  Defs.' Opp'n, Doc. 36.  Plaintiff contends that because of the stipulation, Defendants will not be prejudiced if the deadline to amend pleadings is extended. [2]  Pl.'s Reply, Doc 39.

The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

The deadline to amend pleadings was December 7, 2011.  However, counsel for Plaintiff was not appointed in this matter until February 28, 2012.  Thus, it would have been impossible for counsel to have filed any amended pleadings in this matter prior to the Court's deadline.  The Court finds good cause to modify the schedule.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to modify the scheduling order, filed March 7, 2012, is granted as stated herein.  The deadline to file amended pleadings in this action is on or before July 6, 2012.

IT IS SO ORDERED.

Dated:   **April 23, 2012**              /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants stipulated that the new deadline for discovery close more than four months after Plaintiff's proposed deadline to amend pleadings.  Stipulation, Doc. 38.