KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
KELLY A. SAMSON, State Bar No. 266927
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5643
 Fax: (916) 324-5205
 E-mail: Kelly.Samson@doj.ca.gov
*Attorneys for Defendants
Mota and Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LARRY BURY,**<br><br>                    Plaintiff,<br><br>    v.<br><br>**KEN CLARK, et al.,**<br><br>                    Defendants. | 1:10-cv-00196 DLB<br><br>**ANSWER TO AMENDED COMPLAINT** |

  1. Defendants Mota and Williams answer the amended complaint filed by Plaintiff on July 6, 2012, as follows:

  2. Defendants admit the allegations in paragraphs 1, 2, 3, 4, 6, 7, 8, 12, 13, 24, 27, 43, 49 and 59 of the amended complaint.

  3. Defendants deny the allegations in paragraphs 14, 15, 26, 28, 31, 42, 45, 46, 47, 50, 51, 52, and 60 of the amended complaint.

  4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 17, 18, 19, 20, 21, 22, 30, 35, 37, 38, 39, 40, and 41 of the amended complaint.

1    5. As to the allegations in paragraph 5 of the complaint, Defendants admit that the corner of Plaintiff's left eye was bloodshot, deny that they observed the symptoms on November 5, 2008, ignored the symptoms, or denied medical attention, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

6. As to the allegations in paragraph 9 of the amended complaint, Defendants admit that the corner of Plaintiff's left eye was bloodshot and that he was feeling off balance, and deny the remaining allegations.

7. As to the allegations in paragraph 10 of the amended complaint, Defendants admit that Officer Mota arrived at Plaintiff's cell while he was making rounds, and deny the remaining allegations.

8. As to the allegations in paragraph 11 of the amended complaint, Defendants admit that Officer Mota had a conversation with Plaintiff and observed that the corner of Plaintiff's left eye was bloodshot, and deny the remaining allegations.

9. As to the allegations in paragraph 16 of the amended complaint, Defendants admit that they did not take Plaintiff to receive medical attention, and deny the remaining allegations.

10. As to the allegations in paragraph 23 of the amended complaint, Defendants admit that Plaintiff informed the Defendants that the corner of his left eye was bloodshot and that he was feeling off balance, and deny the remaining allegations.

11. As to the allegations in paragraph 25 of the amended complaint, Defendants admit that Sergeant Williams received training regarding the symptoms associated with a person suffering from a stroke, and deny the remaining allegations.

12. As to the allegations of paragraph 29 of the amended complaint, Defendants admit that they did not take Plaintiff to receive medical attention, and deny the remaining allegations.

13. As to the allegations in paragraph 32 of the amended complaint, Defendants deny that they were deliberately indifferent to Plaintiff's medical needs, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

14. As to the allegations in paragraph 33 of the amended complaint, Defendants deny that they denied Plaintiff's access to medical care, or that they acted despicably, knowingly, willfully,

maliciously, or with reckless or callous disregard for Plaintiff's federally protected rights, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

15. As to the allegations in paragraph 34 of the amended complaint, Defendants deny that Plaintiff was left in a state of confusion and distress without any assurance that he would be timely treated for his medical condition, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16. As to the allegations in paragraph 36 of the amended complaint, Defendants deny that Plaintiff did not have the opportunity to have his symptoms timely evaluated, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

17. In response to paragraph 44 of the amended complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 43.

18. As to the allegations in paragraph 45 in the amended complaint, Defendants admit that the corner of Plaintiff's left eye was bloodshot and that he felt off balance; deny that they observed Plaintiff suffering from confusion, that the left-side of the face was sagging, or that he had slurred speech; and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

19. As to the allegations in paragraph 48 of the amended complaint, Defendants admit that they are not qualified to make a medical diagnosis, and deny the remaining allegations.

20. As to the allegations in paragraph 53 of the amended complaint, Defendants deny that their conduct violated Plaintiff's right to be free from cruel and unusual punishment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

21. As to the allegations in paragraph 54 of the amended complaint, Defendants deny that their conduct violated the Eighth Amendment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

22. As to the allegations in paragraph 55 of the amended complaint, Defendants deny that their conduct violated the Eighth Amendment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

23. As to the allegations in paragraph 56 of the amended complaint, Defendants deny that their conduct violated the Eighth Amendment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

24. As to the allegations in paragraph 57 of the amended complaint, Defendants deny that their conduct violated the Eighth Amendment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

25. As to the allegations in paragraph 58 of the amended complaint, Defendants deny that their conduct violated the Eighth Amendment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

26. Defendants deny every other allegation in the amended complaint.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

This action is barred in whole or part by Plaintiff's failure to state a claim upon which relief can be granted.

Second Affirmative Defense

Defendants are entitled to immunity or qualified immunity.

Third Affirmative Defense

Plaintiff fails to state facts sufficient to state a cause of action for punitive damages.

Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

///
///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by this action;

2. That Defendants be awarded costs of suit and attorney's fees; and

3. That Defendants be awarded such other relief as this court deems proper.

Dated: July 23, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID A. CARRASCO
Supervising Deputy Attorney General

*/s/ Kelly A. Samson*

KELLY A. SAMSON
Deputy Attorney General
*Attorneys for Defendants*
*Mota and Williams*

SA2011301836
31490816.doc

ANSWER TO AMENDED COMPLAINT (1:10-cv-00196 DLB)