KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
KELLY A. SAMSON, State Bar No. 266927
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5643
 Fax: (916) 324-5205
 E-mail: Kelly.Samson@doj.ca.gov
*Attorneys for Defendants
Mota and Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LARRY BURY,**<br><br>                                   Plaintiff,<br><br>   v.<br><br>**KEN CLARK, et al.,**<br><br>                                   Defendants. | 1:10-cv-00196 DLB<br><br>**OPPOSITION TO COUNSEL'S REQUEST TO PLACE PLAINTIFF'S LETTER TO COURT CLERK UNDER SEAL** |

## INTRODUCTION

On February 13, 2013, Plaintiff filed a letter with the Court Clerk referencing this matter. After the letter was uploaded to the Electronic Case File (ECF) System on February 15, 2013, Plaintiff's counsel filed a request with the Court to place the letter under seal. Plaintiff's counsel, however, did not cite to any authority to support the request or present any compelling reasons to warrant sealing the record. As a result, the Court should deny Plaintiffs counsel's request.

## DISCUSSION

The Federal Rules of Civil Procedure permit a filing to be placed under seal. Fed. R. Civ. P. 5.2(d). Under Local Rule 141(a) documents may be sealed only upon written order by the

1  Court, upon the showing required by applicable law.  The "Request to Seal Documents" must set
2  forth the statutory or other authority for sealing.  L.R. 141(b).

3  Courts recognize a presumption that the public is entitled to inspect Court records.  *Nixon v.
4  Warner Comm., Inc.*, 435 U.S. 589, 597 (1978).  Courts will deny public access to records,
5  however, when a party has shown "compelling reasons" to prevent disclosure.  *Id.* at 598; *Pintos
6  v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010.)  "To limit this common law
7  right of access, a party seeking to seal judicial records must show that 'compelling reasons
8  supported by specific factual findings . . . outweigh the general history of access and the public
9  policies favoring disclosure.'"  *Pintos*, 605 F.3d at 678 (citing *Kamakana v. City & County of
10 Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006.))  In determining whether to seal a record, the
11 Court must balance the competing interests between the public and the party who wishes to keep
12 the record secret, while basing its decision on the factual basis articulated by the party wishing to
13 seal the record, without relying on hypothesis or conjecture.  *Kamakana*, 447 F.3d at 1179.

14 Here, Plaintiff, on his own behalf, filed a letter with the Court.  (ECF No. 65.)  Plaintiff
15 cited the case number for this matter and requested the Court's attention.  As a result, there is a
16 strong inference that the Plaintiff both intended for the Court to review his letter, and for it to be
17 filed in this matter.  Plaintiff's counsel seeks to seal the letter from the Court record because he
18 believes that the letter contains information that Mr. Bury may not have intended to make public.
19 (ECF No. 66.)  However, counsel has not identified what information he believes Mr. Bury would
20 not have intended to make public.  In addition, counsel's request does not cite any authority
21 supporting his request to seal the record, and absent such a showing, the record should remain
22 available to the public.  Further, counsel's request is made purely on conjecture of his client's
23 intentions.  Accordingly, the Court should deny the request.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# CONCLUSION

A party seeking to seal a document from the Court record must present compelling reasons. Plaintiff's counsel has failed to identify any reasons to support his request. For this reason, the Court should deny the request to seal the letter filed by Plaintiff.

Dated: February 19, 2013          Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID A. CARRASCO
Supervising Deputy Attorney General

*/s/ Kelly A. Samson*

KELLY A. SAMSON
Deputy Attorney General
*Attorneys for Defendants*
*Mota and Williams*

SA2011301836
31624696.doc

OPPOSITION TO COUNSEL'S REQUEST TO PLACE PLAINTIFF'S LETTER TO COURT CLERK UNDER SEAL (1:10-cv-00196 DLB)